UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED LAUNCH ALLIANCE, LLC, <br><br> Plaintiff, <br><br> - against - <br><br> FACTORY MUTUAL INSURANCE COVERAGE, WESTPORT INSURANCE CORPORATION, INTERSTATE FIRE & CASUALTY, HAMILTON RE. LTD., LEXINGTON INSURANCE COMPANY, XL INSURANCE AMERICA INC., NATIONAL FIRE & MARINE COMPANY, ACE AMERICAN INSURANCE COMPANY, LLOYD'S OF LONDON LIMITED, SCOR CO. LIMITED, OIL CASUALTY INSURANCE CO., ALLIED WORLD ASSURANCE COMPANY, ENDURANCE-SPECIALTY INSURANCE LTD., LIBERTY SPECIALTY INSURANCE, STARR SURPLUS LINES INSURANCE COMPANY, MARKEL BERMUDA LIMITED, & HELVETICA SWISS INSURANCE LTD., <br><br> Defendants. | Civil Action No. _____ <br><br> Removed from: <br><br> Supreme Court of the State of New York, County of New York, Commercial Division <br><br> Index No. 654754/2023 <br><br> **NOTICE OF REMOVAL** |

**TO:** **Ruby J. Krajick, Clerk of the Court**
United States District Court
for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Melek J. Dunn, Esq.
Lindsay B. Jakubowitz, Esq.
**MCGUIREWOODS LLP**
1251 Avenue of the Americas
20th Floor
New York, New York 10020
(212) 548-7015
*Attorneys for Plaintiff*
*United Launch Alliance, LLC*

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant, Factory Mutual Insurance Company ("Factory Mutual"), incorrectly plead as "Factory Mutual Insurance Coverage," by its undersigned attorneys, Finazzo Cossolini O'Leary Meola & Hager LLC, hereby removes the above-captioned civil action, and all claims and causes of action therein, from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. The grounds for removal are as follows:

1. On September 27, 2023, Plaintiff commenced this action in the Supreme Court of the State of New York, County of New York, Index No. 654754/2023, by filing a Complaint for Declaratory Judgment & Damages (the "Action"). A copy of Plaintiff's Summons and Complaint are attached as **Exhibit A**.

2. Plaintiff asserts in its Complaint a request for declaratory judgment and breach of contract for compensatory damages, alleging that an insurance policy issued by Factory Mutual and separate insurance policies issued by defendants Westport Insurance Corporation, Interstate Fire & Casualty, Hamilton Re., Ltd., Lexington Insurance Company, XL Insurance America Inc., National Fire & Marine Company, Ace American Insurance Company, Lloyd's of London Limited, SCOR Co. Limited, Oil Casualty Insurance Co., Allied World Assurance Company, Endurance-Specialty Insurance Ltd., Liberty Specialty Insurance, Starr Surplus Lines Insurance, Markel Bermuda Limited, and Helvetica Swiss Insurance Ltd. provide coverage for costs incurred in connection with an allegedly aborted rocket launch on September 30, 2020.

3. Service of the Summons and Complaint was effectuated on counsel for Factory Mutual on December 20, 2023, via Stipulation Accepting Service of Complaint and Extending Time to Answer, Move or Otherwise Respond to the Complaint. A copy of the Stipulation is

attached hereto as **Exhibit B**.

4. On February 1, 2024, Factory Mutual filed its Answer and Affirmative Defenses to Plaintiff's Complaint. A copy of Factory Mutual's Answer and Affirmation of Service are attached hereto as **Exhibit C**. On February 2, 2024, Factory Mutual filed a Request for Judicial Intervention with Commercial Division Addendum, requesting that this matter be assigned to the Supreme Court of New York, Commercial Division. A copy of Factory Mutual's Request for Judicial Intervention with Commercial Division Addendum and Affirmation of Service are attached hereto as **Exhibit D**.

5. From the filing of Plaintiff's Complaint through the filing of Factory Mutual's Answer, grounds for diversity removal did not exist in this matter because: (i) there was at least one named defendant that was non-diverse to Plaintiff; and (ii) the citizenship of various named defendants were not known with reasonable certainty.

6. On February 5, 2024, the Action was assigned to the Honorable Judge Andrea Masley of the Supreme Court of New York, Commercial Division.

7. Before appearing in the Action, all named defendants other than Factory Mutual reached a settlement with Plaintiff. These settling defendants are collectively referred to as the "Settled Defendants."

8. On February 28, 2024, pursuant to C.P.L.R. § 3217 ("Voluntary Discontinuance"), Plaintiff filed a Stipulation of Discontinuance with Prejudice relating to the Settled Defendants. A copy of the Stipulation is attached hereto as **Exhibit E**. Because the Settled Defendants had not been served with Plaintiff's Complaint nor appeared in the Action, they were not required to sign the Stipulation of Discontinuance. With the filing of the Stipulation of Discontinuance, the Action was effectively transformed to a two-party case

between Plaintiff and Factory Mutual as the only defendant remaining in this matter.

9. Copies of all process, pleadings, and orders received by Factory Mutual in the state court action are included at **Exhibits A – E** as referenced above.  All additional docketed pleadings, consisting of Factory Mutual's Corporate Disclosure Statement with Affirmation of Service and appearances of counsel, are attached hereto as **Exhibit F**.

### Complete Diversity Between Plaintiff and Factory Mutual

10. With the filing of the Stipulation of Discontinuance, this is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court by Factory Mutual pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

11. Factory Mutual is a mutual corporation organized under the laws of the State of Rhode Island with its principal place of business in Johnston, Rhode Island.  Factory Mutual is therefore a citizen of the State of Rhode Island.

12. Plaintiff is a Delaware limited liability company and, for diversity purposes, is deemed a citizen of the states of each of its members' citizenship.  Plaintiff's members are The Boeing Corporation and Lockheed Martin Corporation. The Boeing Corporation is a corporation incorporated and existing under the laws of the State of Delaware, with its principal place of business in Arlington, Virginia.  Lockheed Martin Corporation is a corporation incorporated and existing under the laws of the State of Maryland with its principal place of business in Bethesda, Maryland.  Therefore, for diversity purposes, Plaintiff is a citizen of the States of Delaware, Virginia, and Maryland.

13. Accordingly, there is complete diversity of citizenship between the parties, thereby satisfying the diversity of citizenship requirement of 28 U.S.C. § 1332.

**Amount in Controversy**

14. As set forth in the Complaint, Plaintiff's alleged compensatory damages relating to the subject insurance claim are in excess of $12 million. See e.g., Exhibit A, Complaint, ¶¶ 80-81, 87-88. Accordingly, the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs, thereby satisfying the amount in controversy requirement of 28 U.S.C. § 1332.[1]

**Timeliness of Removal**

15. Pursuant to 28 U.S.C. § 1446(b)(3), if the case stated by the initial pleading is not removable, a defendant must file a notice of removal within thirty days of receiving "an amended pleading, motion, order, or other paper from which it may first be ascertained" that the case is removable. Pursuant to 28 U.S.C. § 1446(c)(1), removal on the basis of diversity jurisdiction under § 1446(b)(3) must be accomplished within one year of the commencement of the action.

16. In the Action, grounds for diversity removal did not exist based on the initial pleading because: (i) there was at least one named defendant that was non-diverse to Plaintiff; and (ii) the citizenship of various named defendants were not known with reasonable certainty.

17. Removal is timely pursuant to the provisions of 28 U.S.C. § 1446(b)(3). The Stipulation of Discontinuance for Plaintiff's voluntary dismissal of the Settled Defendants is an "other paper" as contemplated by § 1446(b)(3) from which it was first ascertained that the Action is removable. By this stipulation filed on February 28, 2024, Plaintiff voluntarily

---

[1] Under the insurance program relating to this dispute, Factory Mutual is responsible for 25% of any covered claim. Even if this fact is considered, the total alleged damages as against Factory Mutual would exceed $3,000,000, which exceeds the sum of $75,000 exclusive of interests and costs, thereby satisfying the amount in controversy requirement of 28 U.S.C. § 1332.

dismissed all non-diverse defendants and/or any other defendants whose citizenship were unknown which had previously prevented diversity removal. Accordingly, a valid basis for removal first came into existence on February 28, 2024.

18. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(3) because, as detailed herein, it is filed within 30 days of February 28, 2024, the date on which it was first ascertained that the case is removable, and within one-year of September 27, 2023, the date of commencement of the Action in state court.

19. Factory Mutual will promptly serve a copy of this Notice of Removal on counsel for Plaintiff and will file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendant, Factory Mutual Insurance Company, incorrectly plead as "Factory Mutual Insurance Coverage," removes this action in its entirety from the Supreme Court of the State of New York, to the United States District Court for the Southern District of New York.

Dated: March 1, 2024

**FINAZZO COSSOLINI O'LEARY MEOLA & HAGER, LLC**

By: */s/ Robert F. Cossolini*
ROBERT F. COSSOLINI, ESQ.
5 Penn Plaza, 23rd Floor
New York, New York 10001
(648) 378-2033
    -and-
67 East Park Place, Suite 901
Morristown, New Jersey 07960
(973) 343-4960
robert.cossolini@finazzolaw.com
*Attorneys for Defendant,*
*Factory Mutual Insurance Company*
*(incorrectly pled as Factory Mutual Insurance Coverage)*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of March 2024, the foregoing Notice of Removal, with attachments, was electronically filed with the Clerk of the Court, United States District Court for the Southern District of New York, and that a copy of the same was served via electronic mail upon the following known counsel of record:

    Melek J. Dunn, Esq.
    Lindsay B. Jakubowitz, Esq.
    **MCGUIREWOODS LLP**
    1251 Avenue of the Americas
    20th Floor
    New York, New York 10020
    (212) 548-7015
    mdunn@mcguirewoods.com
    ljakubowitz@mcguirewoods.com
    *Attorneys for Plaintiff*
    *United Launch Alliance, LLC*

                                              */s/ Robert F. Cossolini*
                                              ROBERT F. COSSOLINI, ESQ.