

67 East Park Place, Suite 901
Morristown, NJ 07960
Main (973) 343-4960
Fax (973) 343-4970
www.finazzolaw.com

New York Office
5 Penn Plaza, 23rd Fl.
New York, NY 10001
Main (646) 378-2033
Fax (646) 378-2001

**Jonathan M. Zagha, Esq.**
jonathan.zagha@finazzolaw.com
Direct Dial: (973) 343-4981

June 12, 2024

**Via ECF**
Honorable Lorna G. Schofield, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Application **GRANTED**. The parties shall file their proposed protective order by **July 15, 2024.**

Dated: June 13, 2024
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:   **United Launch Alliance LLC v. Factory Mutual Insurance Company**
      **Civil Action No.: 1:24-cv-1582-LGS**

Dear Judge Schofield:

We are serving as local counsel in this matter on behalf of Defendant Factory Mutual Insurance Company ("FM"). With counsel for Plaintiff United Launch Alliance LLC ("Plaintiff"), the parties respectfully submit this letter motion as a joint request seeking a thirty (30) day extension of time to submit an agreed-upon protective order to address the unique confidentiality issues in this matter. This is the parties' first requested relief for an extension of time to submit same.

This matter involves an insurance coverage dispute arising from Plaintiff's claim for costs incurred in connection with an aborted rocket launch on September 30, 2020. As explained in the parties' joint letter of April 24, 2024 (Dkt. Entry 19), Plaintiff is subject to the International Traffic in Arms Regulations (ITAR)/Export Administration Regulations (EAR), and must follow heightened security protocols for many documents that are expected to be sought in discovery. It is anticipated that some of the documents requested by FM may be subject to cybersecurity protocols and requirements, including but not limited to the requirements in DFARS 252.204-7012, Safeguarding Covered Defense Information and Cyber Incident Reporting.

In light of the unique confidentiality issues in this matter, the parties proposed preparation and submission of a protective order for the Court's consideration that would likely depart from the Court's standard protective order. *See* Dkt. Entry 19. Following the parties' initial conference with the Court on May 15, 2024, Your Honor directed the parties to file their proposed protective order by June 14, 2024. *See* Dkt. Entry 24.

The parties have been diligently working towards a proposed protective order, but respectfully request additional time to address unresolved issues. The primary issue delaying agreement on a proposed protective order involves representations within the protective order certifying compliance with various federal regulations for safeguarding documents involving "Controlled Defense Information," or CDI. Additional efforts must be undertaken to fully understand how the attorneys and our client can ensure compliance with any applicable regulations, including those identified above, with respect to receiving and utilizing CDI. Other issues have been raised by the parties regarding retention of documents post-litigation and retention/use of experts.

The parties respectfully request an additional thirty (30) days, through and including July 15, 2024, to resolve these issues and file their proposed protective order. The parties have not previously requested this relief for an extension of time to submit a proposed protective order. If the parties cannot reach agreement on a proposed protective order, we will contact the Court prior to July 15 to seek the Court's assistance with same.

The requested extension of time is not expected to impact other discovery deadlines in this matter. The parties have already served initial discovery demands in accordance with the Civil Case Management Plan and Scheduling Order. Responsive documents and information that are not subject to the aforementioned regulations or confidentiality concerns are expected to be produced in response thereto and are unaffected by the subject protective order. Plaintiff's proposed motion for judgment on the pleadings (ordered to be filed by June 14, 2024) is also not expected to be impacted by the parties' efforts to reach agreement on a proposed protective order.

If the parties' request herein meets with the Court's approval, we respectfully request that the Your Honor "So Order" same to the docket. If Your Honor would like to conference this matter or discuss the issues addressed herein, we and Plaintiff's counsel can be available at Your Honor's convenience.

We thank Your Honor for the Court's time and attention to this matter.

Respectfully submitted,

*/s/ Jonathan M. Zagha*

JONATHAN M. ZAGHA

cc: All Counsel of Record (via ECF)